**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE:    Franklin Kerry Hinton | Case No. 25-51810-KMS |
|            Helen Havard Hinton, Debtors | CHAPTER 13 |

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtors have filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr., U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, on or before January 21, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtors, and Attorney for Debtors.

Objections to confirmation will be heard and confirmation determined on February 24, 2026, at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

| | |
|---|---|
| Date: December 4, 2025 | /s/ Thomas C. Rollins, Jr. |
| | *Thomas C. Rollins, Jr., Attorney for Debtor* |

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Franklin Kerry Hinton** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | **Helen Havard Hinton** | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$2,687.00**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.**
_____
_____

APPENDIX D                                   Chapter 13 Plan                                   Page 1

Debtor **Franklin Kerry Hinton** Case number
      **Helen Havard Hinton**

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3**     **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
   *Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

**3.1**     **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑ 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**    Mtg pmts to   **Merchants And Marine B**
Beginning **January 2026** @ **$2,275.75** ☑ Plan   ☐ Direct.   Includes escrow ☑ Yes ☐ No

**1**    Mtg arrears to   **Merchants And Marine B**   Through   **December 2025**     **$2,275.75**

**3.1(b)** ☐   **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-**
address:
Mtg pmts to
Beginning   month    @    Plan    Direct.    Includes escrow   Yes   No

Property **-NONE-**   Mtg arrears to        Through

**3.1(c)** ☐   **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-**    Approx. amt. due:    Int. Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $    **-NONE-**   /month, beginning   month .

Debtor **Franklin Kerry Hinton**     Case number
       **Helen Havard Hinton**

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**     **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Service Finance Co | $10,329.00 | Roof | $1,000.00 | $1,000.00 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3**     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**     **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**     **Surrender of collateral.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

**Name of Creditor**                                             **Collateral**

| Debtor | **Franklin Kerry Hinton** <br> **Helen Havard Hinton** | Case number | |
|---|---|---|---|

| **Name of Creditor** | **Collateral** |
|---|---|
| All in Credit Union | 2019 Keystone Alpine Camper |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: __4,600.00__

Total attorney fee charged: $**4,600.00**

Attorney fee previously paid: $**1,577.00**

Attorney fee to be paid in plan per confirmation order: $**3,023.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service  $**1,905.76**  .
☐ Mississippi Dept. of Revenue  $**0.00**  .
☐ Other ____  $**0.00**  .

**4.5 Domestic support obligations.**

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☑ The sum of $  **0.00**
☐ ____% of the total amount of these claims, an estimated payment of $____
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Mississippi Chapter 13 Plan**     Page 4

| Debtor | **Franklin Kerry Hinton** | Case number | |
|---|---|---|---|
| | **Helen Havard Hinton** | | |

Part 6: **Executory Contracts and Unexpired Leases**

6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Part 7: **Vesting of Property of the Estate**

7.1  Property of the estate will vest in the debtor(s) upon entry of discharge.

Part 8: **Nonstandard Plan Provisions**

8.1  Check "None" or List Nonstandard Plan Provisions
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
 * % to unsecured claimholders shall be the minimum % to be paid to the unsecured class.
 ** amt to be determined by trustee from schedules A & B less hypothetical ch 7 liquidation costs

Part 9: **Signatures:**

9.1  Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| X | **/s/ Franklin Kerry Hinton** | X | **/s/ Helen Havard Hinton** |
|---|---|---|---|
| | **Franklin Kerry Hinton** | | **Helen Havard Hinton** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on **December 2, 2025** | | Executed on **December 2, 2025** |
| | **1184 Vernal River Rd** | | **1184 Vernal River Rd** |
| | Address | | Address |
| | **Lucedale MS 39452-0000** | | **Lucedale MS 39452-0000** |
| | City, State, and Zip Code | | City, State, and Zip Code |
| | Telephone Number | | Telephone Number |

X  **/s/ Thomas C. Rollins, Jr.**          Date  **December 2, 2025**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                          **103469 MS**
Telephone Number                           MS Bar Number
**trollins@therollinsfirm.com**
Email Address

## CERTIFICATE OF SERVICE

    I, Thomas C. Rollins, Jr., attorney for the Debtors, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

    Case Trustee
    Office of the US Trustee

    I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

    Service Finance Company, LLC
    c/o Corporation Service Company
    109 Executive Drive, Suite 3
    Madison, MS 39110

    I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: December 4, 2025        /s/ Thomas C. Rollins, Jr.
                                          *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51810-KMS |
|---|---|
| FRANKLIN KERRY HINTON<br>HELEN HAVARD HINTON | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 12/4/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/4/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51810-KMS |
|---|---|
| FRANKLIN KERRY HINTON<br>HELEN HAVARD HINTON | **CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 12/4/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 12/4/2025

_/s/ Miles Wood_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

| FIRST CLASS | CASE INFO | ~~EXCLUDE~~ |
|---|---|---|
| SERVICE FINANCE COMPANY LLC<br>CO CORPORATION SERVICE CO<br>109 EXECUTIVE DR STE 3<br>MADISON MS 39110 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-51810-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU DEC 4 10-59-38 PST 2025 | ~~US BANKRUPTCY COURT~~<br>~~DAN M RUSSELL JR US COURTHOUSE~~<br>~~2012 15TH STREET SUITE 244~~<br>~~GULFPORT MS 39501-2036~~ |
| ALEAVATE FINANCE<br>4 PARK PLAZA<br>STE 1500<br>IRVINE CA 92614-3516 | (P)ALL IN FEDERAL CREDIT UNION<br>PO DRAWER 8<br>DALEVILLE AL 36322-0008 | AMEX<br>BANKRUPTCY<br>PO BOX 981535<br>EL PASO TX 79998-1535 |
| CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | INTERNAL REVENUE SERVI<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | INTERNAL REVENUE SERVI<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON MS 39201-5025 |
| MERCHANTS AND MARINE B<br>3118 PASCAGOULA ST<br>PASCAGOULA MS 39567-4215 | SERVICE FINANCE CO<br>ATTN BANKRUPTCY<br>555 S FEDERAL HWY<br>BOCA RATON FL 33432-6033 | US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON DC 20530-0001 |
| ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6-430~~<br>~~JACKSON MS 39201-5022~~ | ~~EXCLUDE~~<br>~~(P)DAVID RAWLINGS~~<br>~~ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE~~<br>~~PO BOX 566~~<br>~~HATTIESBURG MS 39403-0566~~ | DEBTOR<br>FRANKLIN KERRY HINTON<br>1184 VERNAL RIVER RD<br>LUCEDALE MS 39452-5902 |
| HELEN HAVARD HINTON<br>1184 VERNAL RIVER RD<br>LUCEDALE MS 39452-5902 | ~~EXCLUDE~~<br>~~THOMAS CARL ROLLINS JR~~<br>~~THE ROLLINS LAW FIRM PLLC~~<br>~~PO BOX 13767~~<br>~~JACKSON MS 39236-3767~~ | |